**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OLIVER McFARLINE PHILLIPS, | No. 11-15612 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-05953-MHP |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, District Judge, Presiding

Submitted October 9, 2012[**]

Before:     RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Oliver McFarline Phillips appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging constitutional and state law

violations in connection with officers' conduct in detaining him for transport to the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

hospital. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment for the City and County of San Francisco on Phillips's federal claims because Phillips failed to raise a genuine dispute of material fact as to whether the officers' allegedly unconstitutional conduct conformed to an official policy or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978) (setting forth requirements for municipal liability under 42 U.S.C. § 1983).

The district court properly granted summary judgment for the individual defendants on Phillips's Fourth Amendment claim because Phillips failed to raise a genuine dispute of material fact as to the existence of probable cause or the use of unreasonable force. *See Blankenhorn v. City of Orange*, 485 F.3d 463, 471, 477 (9th Cir. 2007) (warrantless arrest must be supported by probable cause; officers making an arrest may "use only an amount of force that is objectively reasonable in light of the circumstances facing them").

The district court properly granted summary judgment on Phillips's Fourteenth Amendment claim because Phillips failed to show that defendants acted with an intent or purpose to discriminate against him based on his membership in a

protected class. *See Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998) (order) (explaining requirements for an equal protection claim).

The district court properly granted summary judgment on Phillips's Eighth Amendment and state law claims for the reasons stated in its order entered on March 4, 2011.

The district court did not abuse its discretion in denying Phillips's motion to supplement his complaint because naming the Doe defendants or adding new ones would not cure pleading deficiencies and therefore would be futile, and because supplemental pleadings cannot be used to introduce a separate, distinct, and new cause of action. *See Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (reviewing denial of leave to file a supplemental complaint for abuse of discretion and explaining proper grounds for supplementing a complaint); *see also Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) ("A district court acts within its discretion to deny leave to amend when amendment would be futile[.]").

**AFFIRMED.**